1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10
11
12
13
14

| | |
|---|---|
| KRISTY HENDERSON, ) | |
|                Plaintiff, ) | Case No. 2:13-cv-01921-RCJ-VCF |
| vs. ) | **ORDER** |
| JOHN BONEVENTURA, et al. ) | |
|                Defendant(s). ) | |

15       Pending before the Court is an order for Plaintiff's attorney Andrew L. Rempfer to show cause

16 why he should not be sanctioned for failing comply with the Court Order that required him to attend the

17 early neutral evaluation session scheduled for January 3, 2014. *See* Docket No. 42. The Court has now

18 received a response to the order to show cause, Docket No. 52, as well as held a hearing on the matter.

19 *See* Docket No. 59. For the reasons discussed below, the Court hereby sanctions attorney Andrew L.

20 Rempfer in the total amount of **$3,506.85** for failing to comply with this Court's orders.

21 **I.    Background**

22       On November 19, 2013, the Court scheduled an early neutral evaluation session ("ENE session")

23 in this case for January 3, 2014, at 10:00 a.m., pursuant to Local Rule 16-6. Docket No. 21.[1] The Order

24 specifically provided that all counsel of record who will participate in the trial are required to be present

25 at the ENE Session. Docket No. 21, at 1. The Order further stated that the parties must provide their

26

27

28      [1]The undersigned retains jurisdiction in this matter over events arising out of the ENE session itself. *See, e.g.*, *Weir v. Forman Auto. Group*, 2013 U.S. Dist. Lexis. 26781 (D. Nev. Feb. 26, 2013).

1  written evaluation statements to chambers no later than December 27, 2013. *Id.*, at 3. When Plaintiff's

2  counsel failed to comply with this Order, the Court issued a Minute Order on December 30, 2013,

3  directing Plaintiff's counsel to comply no later than December 31, 2013. Docket No. 37. In that Minute

4  Order, the Court warned Plaintiff's counsel that failure to comply with this Court's Orders could result

5  in sanctions. *Id.*

6      On December 31, 2013, the Court received Plaintiff's written evaluation statement. That

7  statement was drafted by attorney Brooke Bohlke and it stated that attorney Andrew L. Rempfer would

8  attend the ENE.[2] At that time, Ms. Bohlke was not counsel of record on this matter.[3] Additionally, it

9  has since been represented to the Court that Ms. Bohlke was on a scheduled maternity leave which was

10  set to end on February 3, 2014, when she drafted the evaluation statement, and had not been in the office

11  during this leave. Docket No. 59. It has further been represented to the Court that Mr. Rempfer has been

12  lead counsel on this case at all times relevant to this Order. *See, e.g.*, Docket No. 31-1, at 3; Docket No.

13  52-1, at 2.

14      On January 3, 2014, Plaintiff, Defendants and Defendants' counsel appeared at the ENE session

15  in a timely manner. Additionally, a representative from Travelers Insurance Company flew to Las Vegas

16  in order to comply with the Court's Orders, Docket Nos. 21 and 36, and also appeared at the ENE

17  session in a timely manner. Plaintiff's counsel, Mr. Rempfer, however, failed to appear. Plaintiff made

18  numerous attempts to contact her attorney, to no avail. She eventually was able to speak with her

19  attorney's assistant, who set about attempting to locate Mr. Rempfer.

20      At 10:25 a.m., the Court spoke with the parties. At that time, Plaintiff informed the Court that

21  Mr. Rempfer's assistant had just phoned her and stated that he would arrive in ten minutes. Plaintiff also

22  informed the Court that Mr. Rempfer's office would telephone chambers to inform the Court of the

23  reason for Mr. Rempfer's tardiness. The parties agreed to wait ten minutes for Mr. Rempfer to appear.

24

25

26  [2]The Court notes that the written evaluation statement is and remains confidential. The Court will not disclose any substantive content of that statement.

27  [3]Ms. Bohlke was added as an attorney of record in this matter on January 7, 2014, when she filed

28  a notice of the Rule 26(f) conference. *See* Docket No. 47.

1    Fifteen minutes later, at approximately 10:40 a.m., Mr. Rempfer's office telephoned chambers for the

2    first time on this issue.  Mr. Rempfer's office represented to the Court during this telephone call that Mr.

3    Rempfer would appear for the ENE in another ten minutes.  As the Court and the parties had already

4    waited for Mr. Rempfer for forty minutes, and the Court could not rely upon yet another representation

5    that Mr. Rempfer would appear in ten minutes, the Court determined that it was more just to cancel the

6    ENE session than to continue to wait for an attorney who may not appear.  At 10:41 a.m., the Court

7    canceled the ENE session, and allowed all parties and attorneys to leave.

8          That same day, the Court issued an Order to Show Cause requiring Mr. Rempfer to show cause

9    in writing, no later than January 17, 2014, why the Court should not issue sanctions against him in an

10   amount up to the full costs and attorneys' fees incurred by Defendants and Defendants' counsel related

11   to their preparation for, travel to and from, and attendance at the ENE session, as well as up to $5,000

12   in Court fines, pursuant to Local Rule IA 4-1 and Fed. R. Civ. P. 16(f).  Docket No. 42.  The Court also

13   invited  Defendants' attorneys to submit a declaration of their fees and costs incurred in relation to the

14   ENE session no later than January 10, 2014. *Id*.

15         Pursuant to the Court's Order, Mr. Rempfer filed his response to the Order to Show Cause on

16   January 15, 2014. Docket No. 52. Defendants filed their declarations of costs and fees on January 10,

17   2014. Docket Nos. 48 and 50.

18         Thereafter, on January 16, 2014, the Court scheduled a hearing on this matter for Tuesday,

19   January 21, 2014, at 2:00 p.m. Docket No. 53. The Order setting the hearing specifically required

20   "Plaintiff and Plaintiffs counsel, Brooke Bohlke and Mr. Rempfer, to attend the hearing in person." *Id*.

21   Within hours of the Court setting the hearing, Plaintiff's counsel, Mr. Rempfer, filed a notice with the

22   Court indicating that Ms. Bohlke was no longer associated with the law offices that represent Plaintff;

23   however, Mr. Rempfer indicated that he would provide Ms. Bohlke with notice of the Court's Order so

24   that she could make arrangements to attend the hearing. Docket No. 54.

25         On January 21, 2014, the Court held the hearing on the Order to Show Cause as scheduled.

26   Docket No. 58. Plaintiff, however, was not present. *Id*.; *see also* Docket No. 53 (Order scheduling

27   hearing).  Mr. Rempfer represented that, despite the clear language of the Court's Order, he did not

28   realize Plaintiff was required to attend the hearing and indicated that he had not told Plaintiff about the

1    hearing. Docket No. 58. As a result, the Court continued the hearing to the following day and reiterated

2    that Plaintiff, Ms. Bohlke, and Mr. Rempfer were all required to attend. *Id*. The Court also stated that,

3    although Defendants' counsel was present for the January 21, 2014, hearing, they were not required to

4    attend that day nor the following day for the continued portion of the hearing. *Id*.

5          On January 22, 2014, the Court held the continued hearing. Docket No. 59. All persons required

6    to be present for the hearing were present in person. *Id*. Additionally, Defendants and Defendants'

7    counsel made an appearance. *Id*. The Court heard arguments and representations from Mr. Rempfer and

8    Ms. Bohlke, a portion of which were made under seal and not in the presence of Defendants or

9    Defendants' counsel, and the Court took the matter under advisement. *Id*.

10   **II.    Legal Standard**

11         The Court may issue sanctions pursuant to Fed. R. Civ. P. 16(f) for failure to comply with a

12   settlement conference order.[4] *See, e.g.*, *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D.Ariz.

13   2003). The Court's Order scheduling the ENE session is a pretrial order within the meaning of Fed. R.

14   Civ. P. 16(f). *Id*. Further, "[t]he authority of a federal court to order attendance of attorneys ... at

15   settlement conferences and to impose sanctions for disregard of the court's orders is so well established

16   as to be beyond doubt." *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D.Ky. 1987). Violations of

17   Fed.R.Civ.P. 16 are neither technical nor trivial. *Id*.; *citing Martin Family Trust v. Heco/Nostalgia*

18   *Enterps. Co.,* 186 F.R.D. 601, 603 (E.D.Cal.1999). It is clear that "the rule is broadly remedial and its

19   purpose is to encourage forceful judicial management." *Id*.; *quoting Sherman v. United States,* 801 F.2d

20   1133, 1135 (9th Cir.1986). The rule also makes clear that "concerns about burdens on the court are to

21   receive no less attention than concerns about burdens on opposing parties." *Id*.; *quoting Matter of*

22   *Baker,* 744 F.2d 1438, 1441 (10th Cir.1984)(en banc). Whether the party and/or its counsel disobeyed

23   the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel

24   disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th

25   Cir.2001).

26   ────────────────

27         [4]In addition to Fed. R. Civ. P. 16(f), the Court may also issue sanctions for failing to comply with

28   the Local Rules and/or Court Orders, pursuant to Local Rule IA 4-1.

Fed.R.Civ.P. 16(f) applies to all pretrial orders. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013); *citing e.g., Pitman v. Brinker Int'l, Inc.,* 216 F.R.D. 481, 483 (D.Ariz.2003), *amended on review on other grounds,* 2003 WL 23353478 (D.Ariz.2003). Litigants have an "unflagging duty to comply with clearly communicated case-management orders...." *Martin Family Trust*, 186 F.R.D. at 604; *quoting Rosario–Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir.1998). Both courts and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *Id.; citing Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him' "); *Ford v. Alfaro,* 785 F.2d 835, 839–40 (9th Cir.1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy,* 852 F.2d 1256, 1258–59 (10th Cir.1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."); *Harrell v. United States,* 117 F.R.D. 86, 88 (E.D.N.C.1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]"); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 15:81 (TRG 1994) ("*Negligent failure to comply* with Rule 16 justifies imposition of appropriate sanctions.") (emphasis in original); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

**III.    Analysis**

The Court's order setting the ENE session expressly required that all "counsel of record who will be participating in the trial" must be present at the ENE session. *See* Docket No. 21 at 1.  The Court cautioned that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f)**." *Id*., at 3 (emphasis in original). By failing to appear at the Court-Ordered ENE session, Mr. Rempfer failed to comply with the Court's Order. Therefore, it is within the Court's authority to impose sanctions on Mr. Rempfer.  The Court gave Mr. Rempfer an opportunity to explain his failure to appear by ordering a response to the Order to Show Cause and by holding a hearing on the matter. *See Ayers,* 895 F.2d at 1270("Imposition

5

of sanctions under Rule 16(f) requires notice and an opportunity to be heard.").

In his response, Mr. Rempfer stated that both he and Ms. Bohlke are responsible for his failure to attend the ENE. Docket No. 52, at 1. He stated that Ms. Bohlke had been assigned primary responsibility of this dispute in late November and that a change in the calendaring system at their office had created a void in the firm's calendaring system during December 2013. *Id*. at 2. Additionally, Mr. Rempfer asserted that he thought Ms. Bohlke would be attending the ENE and that Ms. Bohlke thought he would be attending the ENE. *Id*.  Mr. Rempfer's final explanation for his mistake was that it was the holidays and their law offices had been closed for several days. *Id*.

The Court, in an effort to fully understand the facts in this matter, gave Mr. Rempfer and Ms. Bohlke an additional chance to explain the error at the hearing on this matter. At that hearing, facts came to light that contradicted Mr. Rempfer's prior representations. First, Mr. Rempfer's representation that Ms. Bohlke had primary responsibility for this dispute was not substantiated. Ms. Bohlke was not added as an attorney of record in this matter until January 7, 2014, which was after the ENE and after the Court issued the Order to Show Cause. *See* Docket No. 47. Additionally, Ms. Bohlke explained that she had been on maternity leave since December 6, 2013, and that her maternity leave was scheduled to end on February 3, 2014. According to Ms. Bohlke, she was assisting the office as much as possible while she was on maternity leave, but she was not going into the office during that time. Next, the Court asked Mr. Rempfer about the fact that Plaintiff expected him to attend the ENE and not Ms. Bohlke. Mr. Rempfer did not directly address this concern, but blamed a miscommunication about the allocation of work in his office. Finally, the Court asked Mr. Rempfer how the calendering system at his office was to blame when it was his office that contacted the Plaintiff the night before the ENE to remind her about the conference and her required presence at the conference. Again,  Mr. Rempfer did not directly address the Court's concern.

Having reviewed the matter, the Court finds that Mr. Rempfer's explanations do not justify his non-compliance with this Court's Order. Mr. Rempfer directly violated this Court's Order scheduling the ENE and, in an attempt to explain his error, made contradicting statements to the Court and attempted to place at least part of the blame on a fellow attorney, Ms. Bohlke. The Court finds that Ms. Bohlke was not responsible for Mr. Rempfer's non-attendance at the ENE and that

1   Mr. Rempfer's attempt to implicate her  in this matter was unsupported by the facts.

2         This Court's Order was clear.  Mr. Rempfer's failure to abide by the Court's Order has

3   disrupted this Court's management of its docket and resulted in additional expense in the

4   administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th

5   Cir.1998) ( "In our continuing efforts to achieve justice for individual litigants, we must not allow

6   the flagrant disobedience of judges' orders to bring about further delay and expense."). Moreover,

7   sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media*

8   *Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir.1991) ("We have no hesitation

9   in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16]

10  obligation."). Therefore, Rule 16(f) sanctions are appropriate.

11  **IV.     Sanctions**

12        The Court has broad discretion in fashioning the appropriate sanctions for violating a Court

13  order. *Wilson*, 2013 WL 836995; *citing e.g.,  Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396

14  (9th Cir.1993). The Court may award any "just" sanctions under Rule 16(f) and "any and all

15  appropriate" sanctions under Local Rule IA 4–1. In determining the appropriate sanction, the Court

16  notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes

17  the Court's time and resources that could have been more productively utilized by litigants willing to

18  follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603. The Court also considers the

19  resources wasted by the parties due to their violations of the Court's orders. *See, e.g.*, Federal Rule

20  16(f)(2).

21        As discussed above, the Court invited  Defendants' attorneys to submit a declaration of their

22  fees and costs incurred in relation to the ENE session in order to assist the Court in determining the

23  proper sanction. Docket No. 42. Mr. Rempfer has accepted responsibility for these costs and fees,

24  but requests that they be reduced to not include compensation for hours which can be applied to a

25  rescheduled ENE. Additionally, Mr Rempfer requests that the Court not compensate the Defendants

26  for more than one attorney's time in relation to the ENE. The Court is partially amenable to this

27  request. First, the time spent preparing and drafting the ENE statement will not be wasted should the

28  parties decide to engage in early settlement discussions. Although the Court will not reschedule the

7

1    ENE at this time, the parties should always entertain settlement options. Further, if all parties jointly

2    request that the ENE be rescheduled, the Court will accommodate that request. Next, the Court

3    agrees that only one attorney per office was needed to prepare for and attend the ENE.

4        The Court will not reduce the hours, however, which were spent specifically preparing for the

5    January 3, 2014, ENE. This includes the hours logged on the day of, and the days leading up to, the

6    January 3, 2014, ENE that were spent reviewing and preparing for the ENE that did not occur due to

7    Mr. Rempfer's failure to comply with the Court's Order. These hours will need to be expended

8    again should the parties decide to engage in early settlement discussions again and thus, the time

9    spent reviewing and preparing for the January 3, 2014, ENE is time lost and it should be

10   compensated. Further, Mr. Rempfer does not address Defendants' time spent reviewing and

11   complying with the Order to Show Cause. That time was incurred solely due to Mr. Rempfer's

12   disruption of this case and, therefore, Defendants should be compensated for that time as well.[5]

13       Taking the above reductions into account, the Court has reviewed Defendant Clark County's

14   declaration of fees and costs, Docket No. 48, and Defendants John Boneventura, Las Vegas

15   Constables Office, and Lou Toomin's declaration of costs and fees, Docket No. 50, and awards

16   sanctions as discussed below.

17       **A.    Sanctions Payable to Defendant Clark County's Counsel**

18       Defendant Clark County's lead attorney is Deputy District Attorney Mathew J. Christian and

19   accordingly, it is his time that must be compensated.[6] According to the declaration, Mr. Christian

20   spent 9.5 hours preparing the ENE statement, 1.5 hours meeting with Clark County's client

21   representative the day before the ENE to discuss the ENE, 1.7 hours preparing for the ENE the

22   morning of the ENE, 1.5 hours attending and traveling to and from the ENE, 1.2 hours reviewing the

23   Order to Show Cause, .6 hours editing his declaration and assisting his co-counsel in preparing her

24

25   _____

26   [5]Defendants have not requested and the Court will not include Defendants' time spent attending
     the January 23, 2014, and January 22, 2014, hearings. Defendants were not required to attend either
27   hearing and accordingly, they will not be compensated for choosing to do so.

28       [6]The Court will not compensate Mr. Christian's co-counsel's time.

1  own declaration, and .4 hours reviewing his co-counsel's declaration and the declaration of the

2  Office Server Manager for the Clark Country Department of Finance.[7] As discussed above, the Court

3  will not sanction Mr. Rempfer for the 9.5 hours Mr. Christian spent preparing the ENE statement nor

4  the time Mr. Christian spent reviewing his co-counsel's work. This includes the .3 hours spent

5  assisting his co-counsel in preparing her own declaration and the .2 hours reviewing his co-counsel's

6  declaration.[8] The Court will compensate Mr. Christian for the .2 hours spent reviewing the

7  declaration of the Office Server Manager for the Clark Country Department of Finance, as this

8  declaration was necessary to certify his hourly rate.  Therefore, the total number of hours Defendant

9  Clark County's lead attorney Mr. Christian wasted as a result of Mr. Rempfer's actions is 6.4.

10         The declaration of the County's Office Server Manager certifies that the District Attorney's

11  Office is paid $75.00 per hour and that when a private attorney is contracted to do the same work, he

12  or she is paid $160.00 per hour. The Court finds that the rate of $75.00 per hour rate that was

13  actually paid to the District Attorney's Office is reasonable.[9] Mr. Christian is a Deputy District

14  Attorney and not a private attorney contracted to do the same work; therefore, the $160.00 per hour

15  rate is not applicable. Finally, Mr. Rempfer has not objected to the $57.20 in costs that Defendant

16  Clark County asserts it incurred. Accordingly, the Court sanctions Mr. Rempfer in the amount of

17  $537.20 ($75.00/hour x 6.4 hours + $57.20 costs) payable to Defendant Clark County's counsel and

18  due forthwith.

19  . . .

20

21         [7]The declaration of the Office Server Manager was submitted to certify that District Attorney's

22  Office is paid $75.00 per hour and that when a private attorney is contracted to do the same work, he or

23  she is paid $160.00 per hour.

24         [8]The Court assumes Mr. Christian spent half of the .6 hours editing his declaration and assisting

25  his co-counsel in preparing her own declaration on his co-counsel's declaration and half of the .4 hours
   reviewing his co-counsel's declaration and the declaration of the Office Server Manager for the Clark

26  Country Department of Finance on the Office Service Manager's declaration.

27         [9]Mr. Rempfer agreed to pay the $160 per hour rate. Docket No. 52, at 4. The Court, however,
   will not impose a sanction greater than the amount actually incurred. *See Ayers*, 895 F.2d at 1270.

28

**B.**     **Sanctions Payable to Defendants John Boneventura, Las Vegas Constables Office, and Lou Toomin's Counsel**

Defendants John Boneventura, Las Vegas Constables Office, and Lou Toomin submitted a memorandum and attached declarations detailing the time spent by their attorneys at Bremer Whyte Brown & O'Meara relating to the ENE.  The memorandum lists the time expended by two attorneys, Anthony T. Grasi and Liza M. Velazco.  As discussed above, the Court will only award time for one of these attorneys. Based on the memorandum, it appears that Ms. Velazo was the more-involved attorney and therefore, the Court will  award sanctions which compensate for her time.  According to the declaration,  Ms. Velazo spent 3.7 hours preparing the ENE statement, 8.1 hours preparing for the ENE,[10] and 2.4 hours attending and traveling to and from the ENE. As discussed above, the Court will not sanction Mr. Rempfer for the 3.7 hours Ms. Velazo spent preparing the ENE statement. Regarding travel time, Mr Rempfer "notes" that Ms. Velazo's travel time is nearly an hour more than Mr. Christian's travel time; however, a simple Google search reveals that Ms. Velazo's office is significantly further from the Court House than Mr. Christian's office and, therefore, the additional hour of round trip travel time is appropriate. Thus, the total number of hours Ms. Velazo wasted as a result of Mr. Rempfer's actions is 10.5.

Ms. Velazo's declaration indicates that she bills at a rate of $130.00 per hour. Mr. Rempfer has not objected to this rate. Further, based on its own knowledge and familiarity with attorney's rates in the Las Vegas area, the Court finds that $130.00 per hour is reasonable. Mr. Rempfer has not objected to the $34.00 incurred in costs. Additionally, Mr. Rempfer has accepted full responsibility for the insurance company representative's time and costs which equal $1,070.65.  Accordingly, the Court sanctions Mr. Rempfer in the amount of $2,469.65 ($130.00/hour x 10.5 hours + $34.00 costs + $1,070.65 for the insurance representative) payable to Defendants John Boneventura, Las Vegas Constables Office, and Lou Toomin's counsel and due forthwith.

. . .

---

[10]The Court notes that this number is significantly higher than the 3.2 hours Defendant Clark County spent preparing for the ENE. However, the Court finds this number appropriate considering Ms. Velazo was representing and responsible for preparing three parties as opposed to one.

### C.      Court Fines

Finally, in addition to the costs and fees discussed above, the Court finds that a $500.00 court fine is appropriate for Mr. Rempfer's failure to comply with the Court's Order, which has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case. The Court believes these sanction are sufficient to deter similar misconduct in the future. Payment of the $500.00 shall be made no later than January 30, 2014, as a court fine to the "Clerk, U.S. District Court."  Mr. Rempfer shall file proof of payment within five days of payment.

## V.      Conclusion

For the reasons discussed above, the Court hereby SANCTIONS Mr. Rempfer in the amount of **$3,506.85**, pursuant to Federal Rule 16(f) and Local Rule IA 4–1, as follows

1.       $537.20 payable to Defendant Clark County's counsel and due forthwith;

2.       $2,469.65 payable to Defendants John Boneventura, Las Vegas Constables Office, and Lou Toomin's counsel and due forthwith; and

3.       $500.00 payable to the "Clerk, U.S. District Court" made no later than January 30, 2014. Mr. Rempfer shall file proof of payment within five days of payment.


IT IS SO ORDERED.

DATED: January 24, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

11